## No. 61

### VAUGHN'S SEED STORE v. McMURRAY

Ohio Appeals, 3rd Dist., Logan Co.

No. 739.  Decided Dec. 2, 1926

**211.   CAUSES OF ACTION**—A cause of action ex delicto cannot be plead as a set-off against plaintiff's cause of action which has no relation to the set-off.

HUGHES, J.

The Vaughn Seed Store sued Robert Mc-Murray in the Logan Common Pleas on an account for merchandise sold and delivered. The defendant filed an answer and cross-petition alleging that plaintiff had at one time sold to him, a ton of shredded cow manure and that in delivering same he negligently shipped it in sacks containing soda ash, knowing that the manure was to be used by defendant as fertilizer for his use as a florist.

Objection was made by the plaintiff throughout the progress of the case to introduction of evidence in support of McMurray's cross-petition upon the theory that he had no right, by way of cross-petition to file a set-off based entirely on a cause of action ex delicto. Judgment being rendered in favor of McMurray, the Seed Store prosecuted error and the Court of Appeals held:

1.   There was no averment in the cross-petition that defendant had, after discovering the breach of the warranty of the manure, given notice within a reasonable time, to plaintif of such breach.

2.   The evidence in support of the cross-petition, including evidence that a notice of the breach in form of a letter, had been given to the plaintiff, was admitted.

3.   The suggestion of the defendant that under the Code he may be permitted to amend his pleadings to conform to the proof will not, if permissible, relieve the error hereinafter pointed out.

4.   The issue of set-off was submitted to the jury solely on the theory that it was a cause of action ex delicto.

5.   A cause of action ex delicto cannot be plead as a set-off by the defendant against plaintiff's cause of action which has no relation to the set-off plead.

6.   While the evidence may tend to show that defendant has a set-off based upon a breach of warranty, in making such a defense it would be incumbent upon defendant to plead and prove that he had given notice of the breach within a reasonable time after he knew or ought to have known of said breach.  8429 GC.

7.   It was error therefore to admit evidence of the notice given in the absence of pleadings making it an issue; and for the court to submit to the jury this set-off on the theory that it was a cause of action ex delicto in favor of the defendant.

Judgment therefore reversed.

Attorneys—Joseph J. Augustus, J. H. Goeke and Dan R. Tripplehorn for Seed Store; Miller & Middleton for McMurray; all of Bellefontaine.

## No. 62

### KORONA JEWELRY CO. v. LOVELAND et

Ohio Appeals, 6th Dist., Lucas Co.

No. 1786.  Decided Jan. 3, 1927

**1235.   VERDICTS**—Where one verdict is set aside because contrary to the weight of the evidence a reviewing court is powerless to set aside another verdict in the same case for the same cause.

**480.   EVIDENCE**—Where court in its charge says fraud is an affirmative defense which must be proven by clear and convincing evidence, it is error, for same need only be proven by a preponderance of the evidence.

**557.   FRAUD**—One who receives goods bought through fraudulent inducement need not return same at once in order to maintain a defense of fraud.

RICHARDS, J.

This action was originally brought in the Lucas Common Pleas by Theodore C. Loveland and James L. Ricard, d. b. a. The Brenard Mfg. Co. to recover from the Korona Jewelry & Music Co. an amount claimed on certain promissory notes. These notes were given in connection with the purchase of victrolas and the answer and cross-petition of the Korona Co. sets up certain fraudulent representations made by the agent of the Brenard Co. whereby they were induced to make the purchase. The trial resulted in a verdict and judgment for $509.10 in favor of the Brenard Mfg. Co.

This judgment is sought to be reversed upon several grounds of error and the Court of Appeals held:—

1.   The Korona Co. contends that the judgment should be reversed because it is against the weight of evidence, but the record discloses that a former verdict was set aside in this case and one verdict having thus been set aside as being contrary to the evidence, this court is powerless to reverse the judgment upon that ground.  101 OS. 316; 113 OS. 113.

2.   It is insisted that the judgment must be reversed because of error in the charge of the court to the jury where at the request of the Brenard Co. it charged that fraud is an affirmative defense and the proof to sustain it must be clear and convincing.  This is an erroneous statement of the law as far as the degree of proof is concerned, the issue may be decided by a preponderance of the evidence.  26 OS. 2.

3.   In another part of the court's charge, it said to the jury in referring to the degree of proof required "that the jury must be satisfied."  This calls for a higher degree of proof than is required in civil cases.  80 OS. 289.

4.   The general charge of the court is further prejudicially erroneous where it said that when one discovers fraud, prompt action must be taken in returning the goods.  3 Abs. 307.

5.   For the reasons given the judgment is reversed and cause remanded for new trial.

Judgment reversed.

(Culbert and Williams, JJ., concur.)

Attorneys—Smith, Baker, Effler & Eastman and Wayne E. Stichter for Korona Co.; A. E. Simmons for Loveland Co.; all of Toledo.