### MYERL et v GUTZEIT

Ohio Appeals, 6th Dist, Erie Co

No 434. Decided Feb 8, 1935

Hertlein & Schwer, Sandusky, for plaintiffs in error.

Young & Young, Norwalk, for defendants in error.

**OPINION**

By RICHARDS, J.

The only material controversy in this case relates to the condition of the horse and whether he was, at the time of the sale, a diseased or a sound animal. Very substantial evidence was introduced on both sides of this question and after a careful reading of the record we are unable to say that the verdict and judgment are manifestly against the weight of the evidence.

It is urged, however, that the trial judge committed prejudicial error in giving to the jury in charge the following instruction:

"The court further instructs the jury, that if the horse was not sound, and the defendant William Myerl knew of the defect in the horse, or could, by the exercise of ordinary care, have known of said defect, then your verdict would be for the plaintiff, provided said defect or defects, if they existed, were of such a nature that they may have been seen and recognized now by an ordinary person."

This instruction is clearly erroneous and is manifestly prejudicial to Myerl. Even if Myerl believed there was a defect in the horse, he could rely on the representation or warranty, and if the jury found he relied on the warranty rather than on his own judgment, he would not thereby be defeated. However, the record contains no evidence that Myerl knew of any defect in the horse, nor that he could, by exercising ordinary care, have discovered the defect which is claimed to exist. The horse was led around by a halter before the sale, which of course would not reveal the fact that he was a "panter", if he was one. That would only be revealed by working the horse, and of course no opportunity for that existed at a public sale. The law is well settled that in a sale of goods and chattels a seller who clearly promises or affirmed that the goods are free from a defect which exists, may be liable if the purchaser relied on the affirmation, even though he inspected the article sold. In 1 Williston on Sales, 2nd Ed., §208, the rule is stated as follows:

"Whatever may be the law in regard to implied warranty, in the case of express warranty it is no defense that the buyer, had he inspected, might have found out the falsity of the seller's statements. The buyer is justified in taking the seller at his word, and in relying upon the seller's statements rather than upon his own examination."

To the same effect is 35 O. Jur., 860. The prejudicial character of this instruction is manifest.

The court also, in the charge, required too high a degree of proof of Myerl and his co-defendant in the following portion of the charge:

"If, in this case, the defendants have established to the satisfaction of the jury by a preponderance of the evidence that the horse was not sound," &c.

In a civil action of this character a party is not required to establish anything to the satisfaction of the jury but need only show facts by a preponderance of the evidence when the burden is upon him. To charge on the burden of proof as in this case is misleading and erroneous. **C. H. & D. Ry. Co. v Frye, 80 Oh St, 289.** This case has been followed in this court many times. See **Korona Jewelry & Music House v Loveland, 25 Oh Ap, 116 (5 Abs 51).** Among the cases where such a charge has been condemned by this court is **Hummel v Downing, 38 Court of Appeals Opinions, Sixth District, unreported, p. 341,** decided in Erie County on April 25, 1932.

The verdict and judgment must, for the reasons given, be reversed and the case remanded for a new trial.

Reversed and remanded.

OVERMYER and LLOYD, JJ, concur.