## MILLER v STAR CO

Ohio Appeals, 2nd Dist, Franklin Co

No 2793. Decided Nov 26, 1937

McMahon & Kanter, Columbus, and J. E. Todd, Columbus, for plaintiff-appellee. B. B. Bridge, Columbus, and H. F. Holcher, for defendant-appellant.

## OPINION

By GEIGER, J.

This cause is before this court on appeal by defendant on questions of law.

The plaintiff-appellee, Charles H. Miller, filed no notice of appeal.

The issues in the court below appear from the petition, answer and reply briefly as follows:

The plaintiff alleges that on the 6th day of December, 1934, he received injuries from the negligent operation, by the defendant's agent, of an automobile; that because of said injuries he was damaged in the sum of $10,000.00, for which he prays judgment.

The answer sets up two defenses.

As a second defense, it is averred that on or about the 21st day of December, 1934, the plaintiff, for a valuable consideration delivered to defendant an instrument in writing, in and by which he released and discharged the defendant from all liability on account of the injuries he received; that if plaintiff was injured, which the defendant denies said release and discharge is a full and complete settlement.

To this answer a reply is filed, in which the plaintiff denies that he delivered to the defendant an instrument in writing by which he released the defendant from liability.

Plaintiff further alleges that on or about the 21st day of December, 1934, the agent of an insurance company which had insured the defendant, called upon him at the hospital where he was confined because of his injuries, and by fraud and misrepresentation induced him to sign papers which the agent told him were for the purpose of paying the hospital and doctors' bills, and to secure plaintiff's release from the hospital; that thereupon plaintiff signed the papers for such purposes, and subsequently said agent left the papers on plaintiff's bed, without any statement of their contents or purposes; that after some time the plaintiff read said papers, which purported to be a full settlement for his injuries, and examining a check for $125.00, which plaintiff still holds.

Plaintiff further says that he was not advised of the nature of the instrument; that he did not know it was a release and discharge. and that he signed said papers because of false representation of said insurance agent, made to him after his refusal to sign anything.

The issues were submitted to the jury on the evidence and charge of the court, and a verdict returned in favor of plaintiff, in the sum of $5,000.00.

The defendant filed a motion for judgment, notwithstanding the verdict, which was overruled.

A motion for new trial was filed on the usual grounds, among them that the court erred in overruling motions of defendant for a directed verdict in its favor, made at the close of the opening statement, at the close of the plaintiff's evidence, and at the close of all the evidence.

Thereafter the court sustained the motion to set aside the verdict, and a new trial was granted, to which plaintiff excepted.

While the entry setting aside the verdict does not set out any reasons therefor, the court in his opinion states that the plaintiff filed a reply in which he denied the delivery of any written release, and secondly that his signature was secured by fraud and misrepresentation.

The court states in his opinion, as the sole reason for sustaining defendant's motion to set aside the verdict:

"From the charge of the court the jury was not told that on the first question, that of fraud, plaintiff was required to establish the same by clear and convincing evidence, but the charge was susceptible of the conclusion that only a preponderance of the evidence is required. This was error. * * * Not only was this error, but error prejudicial to defendant."

### ASSIGNMENTS OF ERROR

Counsel for defendant-appellant sets out the following assignments of error:

"1. The court erred in refusing to direct a verdict for the defendant at the close of the testimony in the case.

"2. The court erred in overruling defendant's motion for a judgment notwithstanding the verdict against it."

### CLAIMS OF APPELLEE

Before we can determine the validity of these assignments, it will be in order to dispose of certain claims made by counsel for appellee.

Commenting first upon the motion of defendant for judgment non obstante veredicto, it is asserted that this motion is available to the plaintiff only, and to him only when on the statement in the pleading the plaintiff was entitled to judgment, and the defendant had introduced an insufficient plea.

Sec 11601, GC, was amended, effective September 2, 1935, to read as follows: (Emphases herein indicating the new matter):

"When, upon the statement in the pleading or upon the evidence received upon the trial, one party is entitled by law to judgment in his favor, judgment shall be so rendered by the court, although a verdict has been found against each party and whether or not motion to direct a verdict may have been made or overruled, but no judgment shall be rendered by the court on the ground that the verdict is against the weight of the evidence."

116 O. L. 413.

The petition in this case was filed October 28, 1935, subsequent to the effective date of the amended statute. Relating as it does to procedure, it was effective in determining the procedural rights of the parties. even though the cause of action arose prior thereto.

Counsel asserts that such a motion is only available to plaintiff.

"The judgment non obstante veredicto can only be given for a plaintiff. The remedy for the defendant is to have the judgment arrested."

**Buckingham v McCracken, 2 Oh St 287.**

This seems to be a clear statement that such motion is only available to the plaintiff, but we incline to the opinion that under appropriate conditions it may be asserted by the defendant.

The statute is not confined to the plaintiff but states that "when one party is entitled by law to judgment in his favor."

Before the amendment of the statute, the authorities were substantially as follows:

"Courts are confined to a consideration of the statements in the pleadings in disposing of a motion for judgment notwithstanding the verdict under §5328, R.S. The record outside the statement in the pleadings should not be considered in disposing of such motion."

**McCoy et v Jones, 61 Oh St 119.**

" 'Motion for judgment notwithstanding verdict' serves as demurrer to pleadings, raises only questions of law, and, if sustained, may be effectuated by judgment of court (§11601, GC)."

**Lehman v Harvey, 45 Oh Ap 215, (14 Abs 494). Chautauqua System v Reutschler, 31 Oh Ap 525, (7 Abs 291).**

In **B. & O. R. R. Co. v Nobil, 85 Oh St 175,** it is held:

"In disposing of a motion for judgment notwithstanding the verdict of a jury, the trial court is confined to a consideration of the statements in the pleadings, and the record outside of the statements in the pleadings should not be considered * * *."

To what extent this rule is modified by the amendment pointed out is not necessary to state, except we are of the opinion that "the evidence" which could be the basis of such judgment, must be such that reasonable minds could not reach different conclusions. The same rule that applies to directed verdicts should apply.

We are of the opinion that defendant below had the right to make its ▮▮▮▮▮ motion for judgment non obstante veredicto, and that the court had authority to pass upon it.

The defendant still has available the motion for a directed verdict, in the determination of which not only the pleadings but the evidence may be considered.

### DID THE COURT ERR IN HIS CHARGE?

The court in his general charge stated:

"If you find that the plaintiff has failed to show **by a fair preponderance of the evidence**, that such instrument was secured by fraud and misrepresentation, that will end your deliberation, and if you so find it is your duty to bring in a verdict for the defendant."

We have considered the question as to whether the court was correct in his general charge or whether the court in fact erred in setting aside the verdict on a supposedly erroneous charge.

This question has given rise to considerable controversy, and to decisions that seem out of harmony.

"On the trial of a civil action wherein the claim or defense is based on an alleged fraud, the issue may be determined in accordance with the preponderance or weight of evidence, whether the facts constituting the alleged fraud do or do not, amount to an indictable offense."

**Jones v Greaves, 26 Oh St 2.**

"In a case at law a defense that signatures to a promissory note were obtained by fraud is established by the greater weight of the evidence."

**Trust Co. v Grady, 20 Oh Ap 385, (1 Abs 503).**

**Merrick v Ditzler, 91 Oh St 256-261.**

Where the varying degrees of proof required are discussed at large:

**Bell v McGinness, 40 Oh St 204.**

**Jewelry & Music House v Loveland, 25 Oh Ap 116, (5 Abs 51).**

"In an action at law where the defense is based upon fraud, such fraud need be proven only by a preponderance or greater weight of the evidence."

**Venditti v Mucciaroni, 54 Oh Ap 513, (23 Abs 571).**

Many cases will be found discussed at length in the case last cited, pp. 529, et seq., supporting the court.

17 O. Jur., Evidence, §318.

19 O. Jur., Fraud, §§244-245-246.

In **Manufacturing Company v Perry, 22 O.C.C. (N.S.) 422,** it is held:

"The presumption of truth that follows a written release with a covenant indemnifying and saving harmless the covenantee from other or further claim for damages of any kind and injury resulting from the accident which caused the injury, can be overcome only by clear and convincing evidence, and an instruction to the jury that such presumption can be overcome by a preponderance of the evidence is prejudicial error."

Whether the trial court correctly charged in reference to the degree of proof or whether there was error in ▆▆▆ setting aside the verdict on the sole ground that the court had failed to charge that fraud alleged in the reply must be established by clear and convincing evidence, is a question not clearly determined, and we would suggest that if this case is again tried, counsel give particular care to the proper solution.

## DO §§12223-1 GC, et seq. PERMIT ONE NOT GIVING NOTICE OF APPEAL TO PRESENT QUESTIONS OF ERROR TO THE REVIEWING COURT

The plaintiff asserts that the Legislature intended, by the enactment of the simplified appellate procedure, to provide a procedure by which the entire cause is transferred to the reviewing court, and that if the appeal is on questions of law, all questions of law appearing in the record are before the reviewing court whether they have been included in the assignment of error or not.

It is claimed that the appellee may assert errors in the record prejudicial to him, and that there is now no reason why the reviewing court cannot reverse the court below on account of such errors; even though the party asserting them gave no notice of appeal, and that it is therefore entitled to a reversal of the court below on error in erroneously granting a motion for new trial.

Sec 12223-4, GC, provides that the appeal shall be deemed perfected when written notice of appeal shall be filed with the lower court, * * * and that no step required to be taken subsequent to the perfecion of the appeal shall be deemed to be jurisdictional.

Sec 12223-5 GC provides that the notice of appeal shall designate the order or decree appealed from and whether the appeal shall be on questions of law or questions of law and fact.

Sec 12223-21 GC provides that appeals taken on questions of law shall be heard upon assignments of error filed in the cause, or set out in the brief of appellant before hearing. Errors not argued by brief may be disregarded, but the court in its discretion may consider and decide errors which are not assigned or specified.

Without discussing these sections more at length, we are of the opinion that by no construction can a conclusion be logically reached that the appellee, ▆▆▆ without having given notice of his intention to appeal within the time required by the statute, and without having done anything to perfect its appeal, can file assignments of error and invoke the jurisdiction of this court to review the action of the court below which is now claimed to have been prejudicial to him.

Our determination upon this matter disposes of all the claimed errors which we have so far discussed in this opinion. We have not summarily dismissed plaintiff's contention by determining that he is not before the court as an appellant, entitled to the judgment of the court upon alleged prejudicial errors, for the reason that counsel has urged his cause so insistently and skillfully that we feel that we should determine the matters presented by him.

### NO FINAL ORDER

Another circumstance seems to us fatal to the plaintiff-appellee's contention. The error complained of is the alleged ▆▆▆ erroneous vacation by the court below of a verdict rendered by the jury in favor of the plaintiff.

Sec 12223-2, GC, provides, as amended and effective August 23, 1937, as follows, the portion emphasized being the new matter:

"An order affecting a substantial right in an action, when in effect it determines the action and prevents a judgment, or an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment, or an order vacating or setting aside a general verdict of a jury and ordering a new trial, is a final order which may be reviewed, affirmed, modified, or reversed, with or without retrial, as provided in this title."

An order of a court setting aside a verdict without a final order dismissing the plaintiff's petition was not until the amend-

ment of the statute a final order, and conferred no right of appeal.

Sec 12223-1, GC, provides:

"An appeal * * * is construed to mean all proceedings whereby one court reviews or retries a cause determined by another court. * * *"

Sec 12223-3 GC provides that every final order may be reviewed, and §12223-2 GC defined a final order as an order effecting a substantial right in an action when in effect it determined the action and prevents a judgment. These were the effective statutes at the date of the trial.

The setting aside of a verdict and granting a new trial have frequently been held not to be a final order.

The plaintiff-appellee had no authority to appeal, and this court has no authority to consider the alleged error of the court in setting aside the verdict and granting to the defendant a new trial.

In causes tried subsequently to the effective date of the amendment, such an action of the trial court can be reviewed.

The fact that the Legislature amended the section defining a final order, as above set out, supports our view that at the time of the trial and the order of the court complained of, an order setting aside the verdict of the jury was not a final order.

This amendment, however, as before stated, was not in effect at the time of the trial, and of course can not be availed of by the plaintiff.

### MOTION FOR DIRECTED VERDICT

This brings us finally to a consideration of the errors complained of by the defendant-appellant, to-wit, that the court erred in refusing to direct a verdict at the close of all the testimony in the case, and erred in overruling the defendants motion for judgment, notwithstanding the verdict.

Under amended §11601, GC, in force at the time of the trial, the court could consider the evidence received upon the trial, in passing upon the motion for judgment notwithstanding the verdict, and of course could consider the evidence in determining the motion for an instructed verdict.

We have given this matter serious consideration, and are of the opinion that under the evidence which was developed in this case, the court did not err in overruling either of the defendant's motions.

It would be useless to extend this opinion further in the discussion of the evidence.

There was conflicting evidence upon every issue made by the pleading. We are of the view that the conflict is such that reasonable minds might come to different conclusions, and that therefore the issues were questions for the jury.

"Where from the evidence reasonable minds may reach different conclusions upon any question of fact, such question of fact is for the jury—the test is not whether the trial judge would set aside a verdict on the weight of the evidence."

Hamden Lodge v Ohio Fuel Gas Co., 126 Oh St 469.

Judgment affirmed.

BARNES, PJ, and HORNBECK, J, concur.