## FIDELITY & CASUALTY CO OF N Y v BLAUSEY

Ohio Appeals, 6th Dist, Lucas Co

No 2994. Decided Nov 26, 1934

W. W. Campbell, Toledo, and George H. Lewis, Toledo, for plaintiff in error.

Fraser, Hiett, Wall & Effler, Toledo, and Roscoe W. Shumaker, Toledo, for defendant in error.

## OPINION

By THE COURT

On May 19, 1933, the defendant in error, Lou Ella Blausey, referred to hereinafter as Blausey, recovered a judgment against Claude Owen for $10,000.00 for personal injuries received on September 11, 1929, while riding in an automobile operated by said Owen. The Fidelity & Casualty Company of New York, hereinafter referred to as casualty company, had theretofore issued its policy of insurance insuring Owen against loss through liability for damages for personal injuries of the character sustained by Blausey, subject only to the conditions expressed in the policy. The limit of liability under the policy was $5,000.00. The casualty company now asks this court to reverse the verdict and judgment in that amount recovered by Blausey at the trial.

Among the conditions of the policy are:

"B. This policy does not cover loss from liability for or any suit based on, injuries or death * *.*

(3) suffered by any person or persons who are to be, are being, or have been carried for a consideration actual or implied, while such person is entering or alighting. from any automobile described in this policy or is riding in or upon such automobile."

"Statement 8. The assured will not, during the term of this policy, rent any automobile to others, or use any automobile to carry passengers for a consideration, actual or implied."

The casualty company contends that Blausey at the time of receiving her injuries, was being conveyed by Owen in his automobile for a consideration, she with others paying $3.00 per week for carriage to and from Woodville to Toledo, where she was employed. Blausey contends that even if that be true, the casualty company is estopped to take advantage thereof because it assumed exclusive charge and control in behalf of Owen of all matters relating to the claim of Blausey for damages for her alleged personal injuries and of. the subsequest trial of the action brought by her to enforce her claim, Owen taking no part therein except as a defendant, following the advice and counsel of the agents and attorneys of the casualty company, without any objection or interference on his part.

Evidence adduced at the trial clearly and in our opinion indisputably shows that .the casualty company assumed full charge and control of the investigation of the action brought by Blausey against Owen for her alleged personal injuries, the filing of all pleadings and motions in behalf of Owen therein and the conduct of the trial of the action without any reservation or suggestion that the alleged liability of Owen to Blausey was not covered by the insurance policy. At the close of all of the evidence the casualty company filed a. motion for a directed verdict, which was refused. Whereupon it moved the court for an order withdrawing from the consideration of the jury all evidence relating to the alleged estoppel. This motion was granted, over the objection and exception of Blausey, and thereupon, after the charge of the court on the issue involved and the law applicable thereto, the case was submtited to the jury.

Our judgment is that the court erred in striking from the record the evidence as to the alleged estoppel and that upon the evidence adduced on that issue Blausey was entitled to a judgment as a matter of law.

No error prejudicial to the casualty company results therefore, from the verdict of the jury and the judgment of the court thereon in her favor.

Authorities cited in an annotation found in 81 A.L.R., 1326, are to the effect that facts such as are in evidence in the instant case preclude the insurance company from making the defense of non-liability.

The judgment of the Court of Common Pleas is therefore affirmed.

Judgment affirmed.

RICHARDS, WILLIAMS and LLOYD, JJ, concur