**SOCONY-VACUUM OIL COMPANY, Plaintiff-Appellant, v. CONTINENTAL CASUALTY COMPANY, Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 19435.    Decided Jan. 31, 1944.

Thompson, Hine & Flory, Cleveland, for plaintiff-appellant.
Orgill, Maschke & Wickham, Cleveland, Duffy & Loux, Cleveland, H. Frank Van Lill, Cleveland, for defendant-appellee.

## OPINION

By SKEEL, J.

This cause comes to this court on an appeal on questions of law from a judgment of the Municipal Court of Cleveland. The plaintiff seeks to recover legal expenses which it incurred in its own defense in an action in which it was defendant. The plaintiff claims to have been protected against such expense

under a policy of liability insurance issued to it by the defendant.

The plaintiff, Socony-Vacuum Oil Company Inc., by its petition alleged that it entered into a contract with Paught-Brown Inc., for the construction of an addition to its warehouse and storage tanks at 2846 East 37th Street in the City of Cleveland. The Oil Company upon entering into such contract, purchased from Continental Casualty Company, defendant herein, a policy of liability insurance, insuring the Oil Company against liability for personal injury caused to persons, other than its employees, in the construction of said warehouse and storage tanks. The policy also provided that the Continental Casualty Company would defend, at its own expense, including the cost of preparation and all court costs, any action for personal injuries instituted against the Oil Company growing out of the construction work. The policy expressly provided that it did not cover claims against the Oil Company for injuries caused to another by one of its employees in the furtherance of said construction.

The Paught-Brown Inc., sublet a part of the work to The Sharpsville Boiler & Tank Company. On February 21, 1938, one of the sub-contractor's employees, to-wit, Robert Harper, was injured while working on the construction of a storage tank. The erection of this tank was included in the contract between the Oil Company and Paught-Brown Inc. Harper claims that his injuries were caused by the negligence of the Oil Company and Paught-Brown Inc., in that they permitted a steel plate which was being erected as a part of a storage tank, to fall on him.

When this claim was made against the Oil Company it notified Continental Casualty Company without delay. Thereupon, Continental took complete charge of the Oil Company's defense. Continental conducted a complete investigation, conferred with representatives of the Oil Company who gave full cooperation and when action was started by the claimant, Continental prepared and filed an answer and in all respects assumed to act on behalf of the Oil Company.

Included in the information which the Oil Company furnished Continental, were the written statements taken from the persons connected with the accident. One statement was that of Emil W. Northam who was an approved City Inspector. The Building Department of the City of Cleveland required the presence of an approved welding inspector during the construction by welding of storage tanks. Northam's statement set forth the manner of his appointment, by whom he was paid and the character of his work. It also stated that

all other persons present at the time the plate fell on Harper were employees of the Sharpsville Boiler & Tank Company.

Harper filed suit against the Oil Company on Aug. 3, 1938. Continental was notified of the suit on August 8, 1938. The pleadings were forwarded to Continental with the notice of suit. Continental, on August 9, 1939, which was approximately one year after taking charge of the case on behalf of the Oil Company, notified the Oil Company that it had concluded that the only basis upon which Harper could recover was by showing that Northam was, in fact, an employee of the Oil Company and that his negligent performance of the work was the cause of plaintiff's injuries; that by the terms of the policy the Oil Company was not protected if Harper's claim is thus established because under paragraph 2 the following exception is provided for:

"2. Exceptions. This policy does not cover * * * * any loss on account of injuries or death suffered by any person caused by (a) any employee of the assured * * * * * * ."

That Continental, in its letter of August 9, 1939, stated in part:

"The claim of the plaintiff with respect to Socony Vacuum in the pending suit hereunder, is based upon the theory that the inspector, Northam, was an employee of Socony and that the accident, the basis of the present suit, occurred through his negligent performance of the work then in progress. This is the only theory upon which Socony Vacuum could possibly be held as the work in question was not in the class known as "inherently dangerous."

"We have carefully considered the legal status of the inspector, Northam, with respect to Socony Vacuum;—Was he or was he not an employee of Socony-Vacuum * * * * *?"

"In our opinion Northam was a direct employee of Socony-Vacuum at the time of the happening of the accident. * *"

"The only way in which it is possible for the plaintiff to recover against Socony-Vacuum would be because of its employee being negligent in the performing of his work. If there is a recovery, therefore, then under the quoted exception of the contract of insurance it would seem that Socony Vacuum

would have no protection under the terms of that contract. * * * * * *"

The letter then sets forth the exception to Continental's liability as above noted, and concludes by saying that under the circumstances, because of the "possible failure of protection" if the oil company desired to have its counsel join with Continental's attorneys in the defense of the case they were at liberty to do so.

Upon the receipt of this letter the Oil Company took the position that Continental had breached its obligation under the policy and thereupon employed the law firm of Thompson, Hine & Flory to assist in the defense. Continental's lawyers continued in charge of the case and did not relinquish control to the Oil Company. Upon trial, the Harper case was dismissed and final judgment entered for the Oil Company, the court finding in part that Northam was not its employee and on appeal the judgment of the trial court was affirmed.

There is no controversy between the parties as to the reasonable value of the services of the Oil Company's counsel for the services rendered after the receipt of Continental's letter of August 9, 1939. It was agreed that they were reasonably worth the amount that was paid. The amount thus paid is the amount that the Oil Company seeks to recover from Continental in this action. The trial court found for the defendant insurance company.

It is the claim of the Oil Company that Continental breached its contract by reason of the letter of the letter of August 9, 1939, and therefore they could not safely follow any other course than to employ their own counsel. It is further claimed that the expense thus incurred is, by the policy here under consideration, a legal obligation of Continental. It is further contended that by having assumed control of the Oil Company's defense and continuing to act without a reservation of rights for more than a year after they were in full possession of the facts constitutes a waiver of any exclusion rights that might be provided for by the policy as to the claim thus presented by Harper.

Continental, by its letter of August 9, 1939, evidenced a complete denial of its obligation to the Oil Company under the terms of the policy. They specifically say that they have concluded that Northam was an employee of the Oil Company. If this was true and his negligence was found to be a proximate cause of Harper's injuries, then under the exception of the policy there would be no obligation on its part to either defend the case or to pay the judgment and costs.

Continental did not continue its representation of the Oil Company's interests under a reservation of right nor a qualified disclaimer. By the conclusion to which Continental came after valuating the evidence disclosed by its investigation, its interests came directly in conflict with those of the Oil Company. The circumstances required the Oil Company to defend its own interests and whatever expense was thus incurred, if the action was one covered by the policy. Continental was, by its contract, bound to defray.

From the facts there was no question about Northam's status. He was a City Inspector and not an employee of the Oil Company. The action of Harper was, therefore, ground less and one which, under the terms of the policy, Continental was bound to save the Oil Company harmless. We conclude, therefore, that the court was in error in rendering judgment for Continental Casualty Company.

There remains to consider the question as to whether or not Continental, by its conduct in assuming and carrying on the Oil Company's defense against the claim of Harper for a period of one year without any reservation, did thereby waive the right to thereafter disclaim liability. It is the almost unanimous holding of the courts that have considered this question that where a liability insurer assumes the defense of a lawsuit brought against its assured, with full knowledge of the facts in the case which would bring the claim within an exception of the policy by which the insurer would be relieved of liability, the insurer must seasonably give notice to the assured that it disclaims liability. Failure to give such notice constitutes a waiver of the right to thereafter avoid liability provided for by such exception under the policy.

In courts on Insurance Law, Volume 5, parag. 1165a page 4108, under the title "Effect of Assumption of Defense" the rule is stated as follows:

"Taking up the question of the effect of the assumption by the insurer of the defense of an action brought by an injured employee against the insured, it may be stated as a general rule, subject to hereafter noted exceptions, that if the insurer exercises its option and defends, it becomes liable; that is, a defense by insurer in an action on the policy that a certain claimed liability is not within the policy terms may be and is waived where it assumes the control of the defense of the injured employee or claimant's action with full information or knowledge of the character thereof, or of the nature of the

claim, without denying its liability or reserving the right to do so when it undertakes said defense or without any notice to any matters of defense or non-liability and on estoppel will also be created to the extent that the insured is prejudiced by such acts of insurer."

Likewise, in the case of Claverie v American Casualty Co., 76 Fed. (2nd) 570, the court gives this statement of the rule:

"It is quite generally held that a liability insurer is precluded in an action on a policy from setting up the defense of non-coverage, when it assumes and continues the defense of an action against the insurer with knowledge of the facts taking the accident outside the coverage of the policy, and without disputing its liability and giving notice to the insured of a reservation of its rights."

**Fidelity & Casualty Co. v Blainey, 49 Oh App. 556.**

"When an insurer by its conduct is considered to have waived the right to assert as against the insured its exemption from liability under the provisions of the policy, it is not a necessary part of the insured's case in asserting such waiver to show prejudice as would be true if the insured relied upon the doctrine of estoppel."

Vance on Insurance, Chapter C, paragraphs 126, 129, 130, 133a and 137.

T. & E. Motor Hire Co. v N. Y. Indemnity Co.

755 N. Y. 69; 67 Corpus Juris. 291 and 137.

But even if it could be contended in the instant case the prejudice to the insured is a necessary part of its case against Continental, the facts are sufficient to fulfill such requirement.

A party to litigation who parts with his right to conduct his defense to another, gives up a valuable right. So it is that where an insured surrenders to the insurer the right to conduct his defense in an action which he believes to be within the policy coverage and the insurer undertakes such defense and continues to act for a considerable period of time without giving notice of any reservation of rights, it is conclusively presumed that the insured has been prejudiced. The rule is stated in 36 C. J. 1127 as follows:

"Where insurer with actual or constructive knowledge of the facts recognizes a liability as covered by the policy and

proceeds to act thereunder according to its terms as by assuming control of the defense of the action against insured, without notifying him that it would claim its exemptions under the policy, it will be conclusively presumed in an action on the policy that the insured was prejudiced by such conduct and need not show such fact in order to estop the company from claiming that the liability was not within the terms of the policy."

.We conclude, therefore, that Continental committed a breach of its obligations under the policy of indemnity insurance with the Oil Company by reason of its letter of August 9, 1939, which necessitated the Oil Company to act in its own defense with regard to the claim of Harper and that all reasonable expense thereby incurred would constitute the measure of damages suffered by it as a result of such breach.

We conclude further that Continental's conduct in assuming to conduct the Oil Company's defense in the Harper case for a little over a year without giving notice of a reservation of right claiming a limit to its liability under the policy, constitutes a waiver of any exemption to which it might be entitled. And as a consequence of its attempt to thereafter assert such exemption from liability the Oil Company was wholly justified in protecting itself by the employing of counsel and the expense thus incurred, if reasonable, may be recovered from the insurer as damages for breach of its contract of insurance.

For the reasons above given the judgment of the Municipal Court of Cleveland is reversed as contrary to law and final judgment is entered for plaintiff appellant for $2341.82 with interest from June 1, 1942. Exceptions.

MORGAN, P. J., & LIEGHLEY, J., concur.