ZECHAR, APPELLANT, *v.* ALL AMERICAN CASUALTY CO., APPELLEE.

(No. 783—Decided October 31, 1961.)

*Messrs. Spidel, Staley & Hole,* for appellant.
*Messrs. Marchal & Marchal,* for appellee.

SHERER, J. This is an appeal on questions of law from a judgment of the Common Pleas Court of Darke County, Ohio, sustaining a demurrer to appellant's second amended petition and dismissing same.

The amended petition alleges that appellant had purchased from appellee a policy of insurance wherein appellee agreed to pay to appellant the sum of $25,000 or, at his election, the sum of $300 monthly during his lifetime, for accidental bodily injury for the loss of the sight of both eyes. The amended petition al-

leges that while this policy was in force appellant, "suffered a vascular accident which injured his eyes to the extent that he lost sight of both his eyes and as a result thereof will be blind the rest of his life."

The policy which is a part of the record contains an agreement, also, to pay appellant the sum of $300 per month for a period of two years for sickness.

The amended petition alleges that he reported his injury to appellee and that appellee delegated the settlement of said claim to an agent, B. B. Fleming; that such agent, on behalf of appellee, suggested that appellant was entitled to make an election as to whether he would accept $300 per month so long as he should live or the principal sum of $25,000; that appellant, relying upon the representations of the agent of appellee that he would be paid $300 per month so long as he should live, did elect in writing, or was so advised by the agent that he was making such election in writing, to accept $300 per month; and that because of his inability to see he was unable to read the instrument which he signed, but relied upon the representations of the agent that it was such an election.

The amended petition alleges further that after appellant made his election, appellee insurance company paid to him the sum of $300 per month for twenty-three months and tendered him the twenty-fourth payment, which was labeled "final payment," and which appellant refused to accept.

The amended petition alleges further that during the two-year period following appellant's injury, appellee has represented to other persons, through its agents, that appellant would receive $300 per month so long as he should live and has sold policies of insurance upon said representations, and that by reason of such representations, appellant was led to believe that he would receive $300 per month so long as he would live and has relied upon them; and that appellant, also relying upon said representations, has told other persons that he would receive $300 per month so long as he would live and has caused others, by reason of such representations, to purchase similar policies of insurance.

The amended petition alleges further that the twenty-three monthly checks for $300 per month, which were issued to appellant, were issued in two parts separated by perforations; that

the lower part of each check was merely an order to pay to the appellant the sum of $300; that the upper part of each check indicated that it was in payment of an illness claim; that the upper parts of the checks were detached by agents of the appellee, whose names are unknown to appellant; and that the detached portions of the checks were not delivered to him until a date much later.

The amended petition alleges further that, by reason of the actions of the appellee, appellee is now estopped from denying that it is indebted to him on the policy in the sum of $300 per month so long as appellant shall live.

Appellee's motion to strike from and make definite and certain the amended petition was sustained in part and overruled in part by the trial court. Appellant then elected not to plead further and requested the court to treat appellee's motion as a demurrer.

The first question to be determined is whether the allegation that appellant "suffered a vascular accident which injured his eyes to the extent that he lost sight of both his eyes and as a result thereof will be blind the rest of his life" states a cause of action under the policy which insures against loss resulting from accidental bodily injury.

Section 2309.04, Revised Code, provides that:

"The first pleading shall be the petition by the plaintiff, which must contain:

"(A) A statement of facts constituting a cause of action in ordinary and concise language * * *."

In the case of *Tinker* v. *Sauer*, 105 Ohio St., 135, in paragraph one of the syllabus it is held that:

"A cause of action is the matter for which an action may be brought, and embraces the facts which it is necessary to establish in order to sustain a claim for judicial relief."

In the case of *Seibert, Recr.,* v. *Herring,* 121 Ohio St., 181, the Supreme Court said:

"* * * a demurrer * * * denies the legal sufficiency of the facts alleged, and hence such facts are admitted solely for the purpose of testing their sufficiency in law."

In construing the policy before us we must follow the rule laid down by the Supreme Court in the case of *New Amsterdam Casualty Co.* v. *Johnson, Admx.,* 91 Ohio St., 155, 157, in which the court said:

"In construing the language of an insurance policy it has been universally and properly held that the words of limitation should be most favorably construed in behalf of the insured and against the company.

"This does not mean, however, that a strained, unnatural and forced meaning should be given words or phrases, but rather the everyday meaning, which must have been plainly in the minds of the contracting parties."

In the case of *Burns* v. *Employers' Liability Assurance Corp.*, 134 Ohio St., 222, the Supreme Court construed an accident policy which insured "against bodily injuries sustained during the term of this policy, solely and independently of all other causes through accidental means." The court said, at page 232:

"In the case before us, the intention was not to give full indemnity. It was not a general health policy, but a limited accident policy, and the premium collected was for a limited coverage. Therefore, under the above mentioned rule of construction, bodily injury is and should be, in this type of case, considered as limited to bodily injuries resulting from physical or external forces known as accidents."

And, at page 233, the court said:

"The words 'bodily injury' are commonly and ordinarily used to designate an injury caused by external violence, and they are not used to indicate disease. We do not speak of sickness as an accident or an injury. When we hear that someone has suffered an accident, we conclude that he has suffered, more or less, some external violent bodily injury."

In applying the law to the facts alleged in appellant's amended petition, we are compelled to conclude that the allegation that appellant "suffered a vascular accident which injured his eyes to the extent that he lost the sight of both his eyes and as a result thereof will be blind the rest of his life" does not allege facts which constitute a cause of action against appellee under the policy which insures appellant against loss resulting from "accidental bodily injury."

The amended petition does not allege that appellant suffered bodily injuries resulting from external force or violence. Neither does it allege facts which give rise to a reasonable inference that appellant's injury resulted from any external force or violence.

The second question we must determine is whether appellee is estopped to deny that the policy should be construed so as to allow plaintiff $300 per month so long as he should live.

Appellant cannot, on the theory of estoppel, obtain a greater right than that set forth in the contract. Assuming the representations and actions of appellee's agent were as alleged, appellant has lost no rights he had under the contract nor has he suffered any injury. Appellant has received all the benefits to which he is entitled under the insurance contract upon the facts pleaded. In the case of *Ayres* v. *Cook*, 140 Ohio St., 281, the Supreme Court held, in paragraph five of the syllabus:

"One who is not misled to his injury cannot claim estoppel."

Applying the principles of law enunciated by the Supreme Court, we must hold that the trial court did not err in sustaining appellee's demurrer to appellant's amended petition and, appellant not desiring to plead further, in dismissing his amended petition.

*Judgment affirmed.*

CRAWFORD, P. J., and KERNS, J., concur.