TURNER LIQUIDATING COMPANY et al., Appellants,

v.

ST. PAUL SURPLUS LINES INSURANCE COMPANY, Appellee, et al.

[Cite as *Turner Liquidating Co. v. St. Paul Surplus Lines Ins. Co.* (1994), 93 Ohio App.3d 292.]

Court of Appeals of Ohio,
Summit County.

No. 16344.

Decided April 13, 1994.

*Richard T. Cunningham, John C. Weisensell* and *Thomas M. Saxer,* for appellants.

*Ronald B. Lee* and *Thomas C. Loepp,* for appellee.

REECE, Presiding Judge.

Plaintiffs-appellants, Turner Liquidating Company, Turner Suspensions, and Turner Suspensions, Inc. ("Turner"), appeal the trial court's judgment dismissing two counts of their five-count complaint for failure to state a claim upon which relief could be granted. We reverse.

The facts in this case are taken from the allegations made in Turner's complaint. Turner had product liability insurance with St. Paul Surplus Lines Insurance Company ("St. Paul"), the defendant-appellee. On November 4, 1987, Turner sold the assets of its company to the Boler Company ("Boler"). Turner requested that St. Paul provide product liability coverage to protect it against all product liability claims which might arise after this sale and involving products made before the sale. This request was made by letter to Corbin Moore, Sirah Financial Services Agency, Inc., and Sirah Moore Insurance Agency, Inc., as agents for St. Paul.[1] Turner was advised that it received the requested coverage, and received a binder explaining this coverage.

On May 3, 1989, an accident occurred involving one of Turner's products. A complaint was filed against Turner as a result of this accident on September 13, 1991. This complaint was delivered to St. Paul with a request to defend and indemnify Turner. St. Paul conducted an investigation and initiated a defense of

---

1. These agents were named defendants in the complaint. However, they are not parties to this appeal.

Turner. On July 28, 1992, St. Paul informed Turner that it would stop providing a defense to Turner after August 26, 1992.

Turner filed the present complaint on January 5, 1993. Turner's complaint contained five counts. Count III, which alleges that St. Paul was estopped from denying coverage or a duty to defend, and Count IV, which alleges that St. Paul waived those rights, are at issue in this appeal. On March 22, 1993, St. Paul filed a Civ.R. 12(B)(6) motion to dismiss Counts III and IV of Turner's complaint for failure to state a claim. The trial court dismissed these counts finding that waiver and estoppel could not create coverage where none existed in the policy. Turner appeals raising two assignments of error:

"I. The trial court erred, to the prejudice of the plaintiffs-appellants, in granting defendant-appellee's motion to dismiss Count IV of plaintiffs-appellants' complaint.

"II. The trial court erred, to the prejudice of the plaintiffs-appellants, in granting defendant-appellee's motion to dismiss Count III of plaintiffs-appellants' complaint."

As the doctrines of estoppel and waiver are often discussed interchangeably, we shall combine these assignments of error for purposes of analysis.

### Civ.R. 12(B)(6) Standard

A trial court should grant a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim only if it appears that the complaint does not set forth any set of facts which would permit recovery. *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus. The trial judge's focus should be only upon the pleadings, as factual findings are not required. *State ex rel. Drake v. Athens Cty. Bd. of Elections* (1988), 39 Ohio St.3d 40, 41, 528 N.E.2d 1253, 1254. In *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753, 755, the court stated:

"In construing a complaint upon a motion to dismiss for failure to state a claim, we must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party." (Citations omitted.)

While in some circumstances public policy considerations require a plaintiff to plead operative facts with particularity, this case does not present such a concern. *York v. Ohio State Hwy. Patrol* (1991), 60 Ohio St.3d 143, 145, 573 N.E.2d 1063, 1065. Because only legal questions are presented, an entry of dismissal on the pleadings will be subject to *de novo* review. *Plazzo v. Nationwide Mut. Ins. Co.* (June 24, 1992), Summit App. No. 15370, unreported, at 3, 1992 WL 150282.

*Estoppel and Waiver in Ohio Insurance Law*

In this case, the parties dispute whether the doctrines of waiver and estoppel can be utilized to extend liability for a claim that is not covered in the insurance policy. A waiver is the voluntary relinquishment of a known right or such conduct that warrants an inference of a relinquishment of that right. *Gollings v. Natl. Life Ins. Co.* (1994), 92 Ohio App.3d 726, 730, 637 N.E.2d 76, 79, citing *Michigan Auto. Ins. Co. v. Van Buskirk* (1927), 115 Ohio St. 598, 155 N.E. 186, paragraph one of the syllabus.

By contrast, the doctrine of equitable estoppel precludes a party from asserting certain facts where the party, by his conduct, has induced another to change his position in good faith reliance upon the party's conduct. *State ex rel. Cities Serv. v. Orteca* (1980), 63 Ohio St.2d 295, 299, 17 O.O.3d 189, 191, 409 N.E.2d 1018, 1020–1021.

Ohio courts have consistently held that insurance contracts must be construed in accordance with the same rules as other written contracts. *Universal Underwriters Ins. Co. v. Shuff* (1981), 67 Ohio St.2d 172, 173, 21 O.O.3d 108, 109, 423 N.E.2d 417, 418; *Hybud Equip. Corp. v. Sphere Drake Ins. Co., Ltd.* (1992), 64 Ohio St.3d 657, 665, 597 N.E.2d 1096, 1102. Thus, the doctrines of estoppel and waiver have been applied to insurance contracts. See, generally, *Pedler v. Aetna Life Ins. Co.* (1986), 23 Ohio St.3d 7, 23 OBR 6, 490 N.E.2d 605 (estoppel); *Hounshell v. Am. States Ins. Co.* (1981), 67 Ohio St.2d 427, 21 O.O.3d 267, 424 N.E.2d 311 (waiver).

However, some Ohio courts have followed the general rule that estoppel and waiver "are not available to bring within an insurance policy risks not covered by its terms or expressly excluded therefrom." *Hartory v. State Auto. Mut. Ins. Co.* (1988), 50 Ohio App.3d 1, 3, 552 N.E.2d 223, 225–226. See, also, *W. Am. Ins. Co. v. Skaggs* (Mar. 25, 1988), Ross App. No. 1372, unreported, at 12, 1988 WL 35801; *Dewey v. Niagara Fire Ins. Co.* (1968), 16 Ohio Misc. 297, 310, 45 O.O.2d 378, 385, 242 N.E.2d 692, 699–700. Other courts have held one of the doctrines inapplicable as a general rule. *Zechar v. All Am. Cas. Co.* (1961), 116 Ohio App. 41, 45, 21 O.O.2d 262, 264, 186 N.E.2d 500, 502–503 (estoppel); *Cincinnati Ins. Co. v. Babcock* (Apr. 29, 1988), Lucas App. No. L–87–035, unreported, at 3–4, 1988 WL 39730 (waiver); *Hybud, supra,* 64 Ohio St.3d at 668, 597 N.E.2d at 1103–1104 (waiver). In *Hybud,* the insurer failed to raise an exclusion in a prelitigation letter denying coverage. The court followed the general rule that waiver is not applicable, citing 16B Appleman, Insurance Law and Practice (1981) 579, Section 9090. St. Paul also cites *Brown v. Kennedy* (1943), 141 Ohio St. 457, 26 O.O. 6, 48 N.E.2d 857, for the proposition that providing a defense is not sufficient to estop an insurer from raising a lack of coverage as a defense. In *Brown,* the Supreme Court stated, "[w]e agree with the courts below that [the insurer's decision to

provide a defense] is not sufficient of itself to constitute estoppel." *Id.* at 462, 26 O.O. at 8, 48 N.E.2d at 859. However, it is unclear in *Brown* whether the policy required the insurance company to defend the insured or whether any reservation of rights was given. As these facts are unclear, it is unwise to rely on *Brown* as a blanket prohibition of estoppel as a means to extend coverage. Rather, it serves as an example of Ohio courts' hesitancy to allow estoppel to expand the coverage provided in an insurance policy.

Other Ohio cases have found that estoppel and waiver may permit coverage. In *Cincinnati Ins., supra*, at 3–4, the court found waiver to be unavailable to extend coverage but held that the plaintiff's claim of estoppel failed because the insured could not rely on the insurer providing coverage when it denied coverage throughout the action. It appears in *Cincinnati Ins.* that the court did not find estoppel unavailable to extend coverage or it would have treated it in the same fashion as waiver.

The Franklin County Court of Appeals considered the question of waiver and estoppel in *Duerler v. Community Mut. Ins.* (Apr. 18, 1991), Franklin App. No. 90AP–1337, unreported, 1991 WL 60660. In *Duerler*, the insured contacted the insurer to determine if a medical facility was an approved provider under his policy. The insurer's agent confirmed that the facility was approved and the insured took his daughter to the facility for treatment. After a month of treatment, the insurer denied the claims because it determined the facility was not approved. The insured continued taking his daughter to the facility and filed suit for indemnification for the medical coverage. The insurance company agreed to pay the medical bills incurred prior to the denial of the facility's approved status. The court provided that "it would be terribly inequitable to hold that defendant was not estopped from denying coverage up until the time plaintiff learned of the problem." *Id.* at 11.

Two early Ohio appellate decisions considered cases factually similar to the one at bar. In *Fid. & Cas. Co. of New York v. Blausey* (1934), 49 Ohio App. 556, 558, 3 O.O. 408, 409, 197 N.E. 385, 385, the casualty company "assumed full charge and control of the investigation of the action brought by [Blausey] against [the insured] for her alleged personal injuries, the filing of all pleadings and actions in behalf of [the insured] therein, and the conduct of the trial of the action, without any reservation or suggestion that the alleged liability of [the insured] to Blausey was not covered by the insurance policy." Thus, the court found that the insurer was estopped from asserting that the injuries were not covered in the policy. *Id.* at 558, 3 O.O. at 409, 197 N.E. at 385–386.

In *Socony–Vacuum Oil Co. v. Continental Cas. Co.* (App.1944), 45 Ohio Law Abs. 458, 67 N.E.2d 836, the insurer provided a defense, without reserving its rights, for approximately one year before it denied that it was liable under the

policy and notified Socony–Vacuum that it should have an attorney to protect its interests. Socony–Vacuum hired an attorney and the plaintiff's case was dismissed. The insured filed suit requesting attorney fees for the counsel it hired to protect its interests. The court of appeals found that the insurer had waived any right under the policy to claim that the suit was not within the policy's coverage by representing the insured for a year without a reservation of rights. *Id.* at 464–465, 67 N.E.2d at 838. The Supreme Court affirmed the court of appeals on the grounds of a breach of contract. *Socony–Vacuum Oil Co. v. Continental Cas. Co.* (1945), 144 Ohio St. 382, 397, 29 O.O. 563, 569, 59 N.E.2d 199, 205. The court held that this case, where the insured requested only attorney fees, was not appropriate for an estoppel claim. However, the Supreme Court noted that waiver or estoppel could operate in proceedings to compel an insurer to pay a judgment recovered in a damage suit. *Id.* at 392, 29 O.O. at 567, 59 N.E.2d at 203. In the present case, the claim against Turner was for a judgment in a damage suit; thus, the case at bar is factually similar to the proceedings the Ohio Supreme Court suggested could lead to estoppel or waiver in *Socony–Vacuum.*

■ Also, an insurance company which contracts to defend its insured in a negligence action may defend in good faith without waiving its right to assert any policy defense at a later time, provided it gives its insured a notice of its reservation of rights. *Motorists Mut. Ins. Co. v. Trainor* (1973), 33 Ohio St.2d 41, 62 O.O.2d 402, 294 N.E.2d 874, paragraph one of the syllabus. It follows that an insurer may waive its defenses if it defends without notifying the insured of a reservation of rights. *Id.* at 48, 62 O.O.2d at 405–406, 294 N.E.2d at 879 (P. Brown, J., dissenting in part). One authority has found a similar rule of law, stating:

"A liability insurer which assumes and conducts the defense of an action brought against the insured with knowledge of facts taking the accident or injury outside the coverage of the policy, and without disclaiming liability or giving notice of a reservation of its right to deny coverage, is thereafter precluded in an action upon the policy from setting up the defense of noncoverage." 59 Ohio Jurisprudence 3d (1985) 94, Insurance, Section 1047.

Thus, in reviewing Ohio law it appears that a general rule exists which prohibits estoppel and waiver from expanding the coverage of an insurance policy. However, an exception also seems to have developed which allows estoppel and waiver to be asserted when an insurer provides a defense to its insured without reserving its rights to assert a policy defense. As the rules are unsettled, we will examine other sources.

### Foreign Jurisdictions and Other Authorities

Appleman, cited by the Supreme Court in *Hybud*, states that the general rule is that estoppel and waiver cannot be used to bring within the coverage of an

insurance policy risks that are not covered by its terms. 16B Appleman, *supra*, at Section 9090. However, exceptions to this general rule are noted. One example is the defense of a lawsuit brought against the insured. *Id.*, 16B Appleman at 591–592. If an insured is misled into believing that a particular risk is within the coverage of the policy, the insurer will not be permitted to use the contract itself to prove the contrary. *Id.*, 16B Appleman at 595. Appleman also noted that the rule that estoppel or waiver cannot bring within the coverage of an insurance policy risks that are not covered by its terms is a majority rule that is eroding. *Id.*, 16B Appleman (Supp.1993) at 22. Thus, Appleman, which provided the source for the general rule adopted by the Ohio Supreme Court, also provides for exceptions to that rule. While these exceptions were not applicable in *Hybud*, they do apply in this case.

One text has criticized the general rule in this field. Annotation (1965), 1 A.L.R.3d 1139, 1145, states:

"At least some of the disagreement from one jurisdiction to another in this area of law may be attributed to the improper use of the terms 'waiver' and 'estoppel.' Taking the generally accepted definitions of the two doctrines, it is obvious that an insurance company should not be held incapable of the 'intentional relinquishment of a known right' or of 'inducing an ignorant party into a deleterious change of position' simply because a question of coverage is involved, and that courts making the blanket statement that waiver and estoppel are not available must have in mind the perhaps too liberal meaning accorded those terms when they are used to prevent the insurer from escaping an otherwise binding liability because of some minor technicality or oversight on the insured's part. In the same manner, courts taking the position that waiver and estoppel are generally available to broaden coverage are no doubt referring to the traditional definition of the terms, since there is little reason why an insured should be permitted to go take advantage of a similar minor oversight on the company's part to obtain free coverage."

Based in part on these commentaries, a number of jurisdictions have recognized either waiver or estoppel as a permissible means to extend the coverage of an insurance policy. See *Pacific Indemn. Co. v. Acel Delivery Serv., Inc.* (C.A.5, 1973), 485 F.2d 1169, 1173 (finding both waiver and estoppel available under Texas law when the insurer provides a defense); *Gibraltor Ins. Co. v. Varkalis* (1970), 46 Ill.2d 481, 487, 263 N.E.2d 823, 827 (recognizing waiver when defense is provided); *Bouchard v. Travelers Indemn. Co.* (1969), 28 Conn.Supp. 122, 123–125, 253 A.2d 497, 498 (permitting use of waiver and estoppel); *Caprari v. Hartford Acc. & Indemn. Co.* (S.Ct.1972), 69 Misc.2d 354, 361, 330 N.Y.S.2d 206, 214 (finding waiver may extend coverage); *Ins. Co. of N. Am. v. Natl. Steel Serv. Ctr., Inc.* (N.D.W.Va.1975), 391 F.Supp. 512, 517 (recognizing both waiver and

estoppel); *Harr v. Allstate Ins. Co.* (1969), 54 N.J. 287, 302–307, 255 A.2d 208, 217–219 (utilizing estoppel to extend coverage because the insured's reliance on the insurer's superior knowledge prevented the insured from seeking coverage elsewhere); *Bill Brown Constr. Co., Inc. v. Glen Falls Ins. Co.* (Tenn.1991), 818 S.W.2d 1, 10–11 (estoppel and waiver applicable); *Tate v. Charles Aguillard Ins. & Real Estate, Inc.* (La.1987), 508 So.2d 1371, 1373–1375.

## Analysis

We recognize exceptions to the general rule precluding an extension of an insurance policy's coverage by the doctrines of estoppel and waiver. The reasons usually addressed in support of the general rule that waiver and estoppel cannot extend coverage of an insurance policy are that a court cannot create a new contract for the parties, that an insurer should not be required to pay a loss for which it charged no premium, and that a risk should not be imposed upon an insurer which it might have denied. While these are valid considerations which support the general rule, we do not find them persuasive in all circumstances. An insurer should not be able to avoid liability under all circumstances in which it voluntarily relinquishes a known right or induces another into changing his position based upon reliance on the insurer's conduct when the insured is prejudiced by such reliance. In cases of the insurer's misrepresentation made at the policy's inception, the insured has been prohibited from procuring the coverage he desired. In cases where the insurer represents the insured without a reservation of rights, the insured may be prejudiced by the legal strategy adopted by the insurer. Absent a reservation of rights, the insurer should not be able to terminate its representation of the insured regardless of when it concludes it is not required to defend its insured. To ignore the actions of the insurer would be an "unfortunate triumph of form over substance." *Harr, supra,* 54 N.J. at 307, 255 A.2d at 219.

If the insurer is saddled with coverage it may not have intended or desired, it is of its own making. The insurer has the ability to protect itself against such claims by ensuring that its customers receive the coverage they request or by entering a defense of a claim that may not be covered by the policy only after reserving its right to raise policy defenses at a later time. Waiver and estoppel should apply only in those cases where there is a clear misrepresentation of fact or when the insurer provides a defense without reserving its rights for a period sufficient to prejudice the insured's ability to conduct its own defense. Accordingly, we find that an exception to the general rule that waiver and estoppel cannot be used to extend the coverage of an insurance policy exists when the insurer provides a defense to the insured without reserving its rights under the policy for such a period of time as to prejudice the insured, or when the insurer or its agents misrepresent the extent of coverage the insured is purchasing. If

we were to flatly find that estoppel was not available to extend the coverage of an insurance company, there may be no recourse for an insured whose insurer withdraws its defense the day before trial.

■ Applying these rules to the case at bar, we find the trial court erred in granting St. Paul's Civ.R. 12(B)(6) motion to dismiss for failure to state a claim. Presuming that all of Turner's allegations are true, it could be inferred that St. Paul knew that the claim was outside the policy's coverage but chose to relinquish its right to waive this claim. While the trier of fact may well choose not to make that inference, we see no reason why an inflexible rule of law should preclude it from doing so.

The same is true of Turner's estoppel claim. It alleges that St. Paul provided a defense for nearly one year without a reservation of rights. As a result of St. Paul's providing a defense for this period, Turner alleges it relied on this defense and did not conduct an investigation of the claim, provide its own defense, or attempt to settle the claim. Allegedly, these actions prejudiced Turner. Providing a defense for nearly one year without reserving its rights may give rise to a claim of estoppel preventing St. Paul from raising the lack of coverage in this case. As Turner has pled sufficient facts to permit recovery under the doctrines of equitable estoppel and waiver, the court erred in granting St. Paul's Civ.R. 12(B)(6) motion. Accordingly, Turner's first and second assignments of error are well taken.

The trial court's judgment is reversed and the cause is remanded for proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

BAIRD and COOK, JJ., concur.