DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Plaintiff-appellant, Century Surety Company, appeals the judgment of the Lorain County Court of Common Pleas that granted summary judgment in favor of Appellee, Cleveland Asbestos Abatement, Inc., thereby requiring Century Surety to defend a negligence action. We affirm.
On August 5, 1994, thirteen named plaintiffs filed a complaint against Cleveland Asbestos Management ("Cleveland Asbestos") alleging negligence in the removal of asbestos from buildings owned or occupied by the Elyria City School District. Cleveland Construction, also named as a defendant, was a subcontractor on the project. Cleveland Asbestos was insured under two policies issued by Century Surety Company ("Century Surety"). Cleveland Asbestos demanded a defense in the suit and payment under the policies for any judgment. Century Surety denied coverage based on a policy provision that excluded the use of pollutants from coverage. Prior to that time, Century Surety had negotiated a settlement agreement for property damage claims arising from the same incident.
On December 8, 1994, Century Surety filed an action requesting a declaration of the rights and obligations of the parties under the insurance policies with respect to the pending lawsuit. The complaint also named the plaintiffs in the underlying action and Cleveland Construction as defendants. On March 3, 1995, Cleveland Construction moved to dismiss pursuant to Civ.R. 12(B)(6), arguing that it did not claim coverage under any policy of insurance issued by Century Surety.[1] Cleveland Asbestos also moved to dismiss pursuant to Civ.R. 12(B)(6). Cleveland Asbestos argued that Century Surety had a duty under the insurance contract both to defend and indemnify the insured. Century Surety responded in opposition. At that time, Century Surety also noted that it had agreed to defend Cleveland Asbestos in the underlying lawsuit subject to a "reservation of rights" pending the outcome of the declaratory judgment action.
On May 22, 1995, the trial court granted the motion to dismiss in part, concluding (1) that Century surety did have a duty to defend Cleveland Asbestos in the underlying action, but (2) that because the facts in the underlying case remained in dispute, Century Surety was not prevented from undertaking the defense subject to a reservation of rights. The court denied the motion to dismiss with respect to Century Surety's duty to provide coverage and/or indemnification, noting that Century Surety may be able to prove a set of facts demonstrating that coverage was not provided under either insurance policy.
Century Surety moved for reconsideration of the trial court's order granting Cleveland Asbestos's motion to dismiss in part on February 13, 1996. At that time, Century Surety also moved for summary judgment. On February 20, 1996, the trial court granted reconsideration and leave for Century Surety to move for summary judgment. Cleveland Construction responded in opposition. On February 9, 1998, the trial court denied reconsideration of the prior dismissal in part pursuant to Civ.R. 12(B)(6) and denied Century Surety's motion for summary judgment.
On July 19, 1998, Cleveland Asbestos and the other named defendants moved separately for summary judgment. Century Surety responded in opposition. The trial court granted summary judgment to all defendants on August 12, 1998, concluding that Century Surety was obligated to defend and indemnify Cleveland Asbestos in the underlying action. Century Surety timely appealed, raising four assignments of error.[2]
ASSIGNMENT OF ERROR II
 Century Surety should not be precluded from asserting the application of the pollution exclusion under the doctrine of waiver.
In its second assignment of error, Century Surety has argued that it chose to defend Cleveland Asbestos subject to a valid reservation of rights and, therefore, that it has not waived any present or future right to raise contract defenses.
Summary judgment is appropriate when:
 (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party.
State ex rel. Howard v. Ferreri (1994), 70 Ohio St.3d 587, 589. Because the propriety of a trial court's decision granting summary judgment is a matter of law, our review is de novo. Lorain Cty.Bd. of Commrs. v. United States Fire Ins. Co. (1992), 81 Ohio App.3d 263,267.
An insurance company may elect to defend an insured in a negligence action subject to a reservation of rights and in that situation, the insurer does not waive the right to assert contract defenses in the future. Motorists Mutl. Ins. Co. v. Trainor
(1973), 33 Ohio St.2d 41, paragraph one of the syllabus. Similarly, when the pleadings do not contain sufficient information to bring the claims unequivocally within the scope of an insurer's duty to defend, but does state a claim which is potentially or arguably within the policy coverage, the insurer is not precluded from defending subject to a reservation of rights while conducting discovery into the nature of the claim to determine whether a policy exclusion is actually applicable. SeeWilloughby Hills v. Cincinnati Ins. Co. (1984), 9 Ohio St.3d 177,180.
Although the doctrine of waiver cannot generally be used to expand the coverage of an insurance policy, an exception to this rule exists when an insurer undertakes a defense without a reservation of rights. Turner Liquidating Co. v. St. Paul SurplusLines Ins. Co. (1994), 93 Ohio App.3d 292, 299. In Turner, this court concluded:
 In cases where the insurer represents the insured without a reservation of rights, the insured may be prejudiced by the legal strategy adopted by the insurer. Absent a reservation of rights, the insurer should not be able to terminate its representation of the insured regardless of when it concludes it is not required to defend its insured. To ignore the actions of the insurer would be an "unfortunate triumph of form over substance." * * *
 If the insurer is saddled with coverage it may not have intended or desired, it is of its own making. The insurer has the ability to protect itself against such claims by ensuring that its customers receive the coverage they request or by entering a defense of a claim that may not be covered by the policy only after reserving its right to raise policy defenses at a later time. Waiver * * * should apply only in those cases where * * * the insurer provides a defense without reserving its rights for a period sufficient to prejudice the insured's ability to conduct its own defense.
(Citation omitted.) Id.
A reservation of rights consists of "notice given by the insurer that it will defend the suit, but reserv[ing] all rights it has based on noncoverage under the policy." Motorists Mutl.Ins. Co. v. Trainor, 33 Ohio St.2d at 45. In this case, Century Surety reached a settlement agreement with the plaintiffs in the underlying action with respect to their claims for property damage. A portion of the release executed by the parties on May 5, 1994, states:
 * * * [W]e, the Undersigned, for the sole consideration of One Hundred Forty-Three Thousand Six Hundred Forty-Two and 36/100 dollars * * * have released and discharged, and by these presents do hereby forever release and discharge Cleveland Asbestos Abatement, Inc., * * * for and from any and all liability, claims, demands, controversies, damages, actions and causes of action * * * from an accident which occurred on or about the 20th day of August, 1993 * * * and of and from all liability * * * which the undersigned * * * may have by reason of or in any wise incident or resulting from the accident hereinbefore mentioned. It is understood between the parties of interest that this release strictly pertains to the property damage relating to this incident. Should any bodily insurance claims arise from this incident they will be handled separately based on their merits.
(Emphasis added.) Century purports that the latter portion of this excerpt constitutes a reservation of rights with respect to its defense of Cleveland Asbestos on the remaining claims. Howard Morman, an adjuster who processed the claims, stated that this language was added at the request of the attorney for the Elyria School District because "there were some employees who he felt may be making claim [sic] against Cleveland Asbestos at some future date, and he didn't want to be released from any such claim that may occur in the future." In addition, the cited language neither gives Cleveland Asbestos actual notice that Century Surety will defend the remaining claims nor, by its explicit terms, makes any attempt to reserve rights under the terms of the contract. Accordingly, it is facially insufficient to constitute a release as contemplated by Trainor and Turner, supra. Century Surety's second assignment of error is overruled.
ASSIGNMENT OF ERROR III
 Century Surety should not be precluded from asserting the application of the pollution exclusion under the doctrine of estoppel.
ASSIGNMENT OF ERROR IV
 [Cleveland Asbestos'] bodily injury claims are precluded under the policy's pollution exclusion.
Century Surety has waived the right to assert the pollution exclusion. Accordingly, the third and fourth assignments of error are rendered moot by our disposition of the second. See App.R. 12(A)(1)(c).
The second assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
LYNN C. SLABY, FOR THE COURT
BAIRD, P.J., BATCHELDER, J., CONCUR.
[1] The trial court did not rule on this motion. On August 9, 1995, Cleveland Construction was dismissed as a party without prejudice.
[2] Century Surety's first assignment of error states, "Summary judgment is appropriate when the following factors are met." The body of this section sets forth the standard of review for summary judgment, but does not argue error by the trial court. Consequently, Century Surety's first "assignment of error" is subsumed by those that follow and will not be separately addressed.