DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Defendant-Appellant, Medmarc Casualty Insurance Company, appeals the judgment of the Lorain County Court of Common Pleas that granted summary judgment to Plaintiffs-Appellees, Leon and Joanne Roark. We reverse.
 {¶ 2} Leon Roark was injured in an automobile accident on March 4, 1997, while operating a vehicle owned by his employer. Mr. Roark retained attorney Joseph Kochis to pursue recovery from the tortfeasor, who was insured by Progressive Insurance Company. Kochis negotiated a settlement on Mr. Roark's behalf as a result of which Mr. Roark received the tortfeasor's policy limit of $12,500.00 in return for execution of a release. *Page 2 
 {¶ 3} The Roarks retained a second attorney, who filed a complaint for discovery against Mr. Roark's employer. This action resulted in a claim against the employer's insurance carrier for underinsured motorist coverage. The Roarks amended the complaint to include a claim for legal malpractice against attorney Kochis, who forwarded the complaint to Medmarc for a review of coverage under his professional liability insurance policy. Medmarc undertook a defense on behalf of attorney Kochis without a reservation of rights and assigned the matter to attorney Steven Laforge.
 {¶ 4} On February 13, 2003, Kochis received notification that Medmarc would no longer provide a defense. Kochis retained Laforge to continue his representation and also retained the services of Attorney Greg Bashein. In July 2003, Kochis and the Roarks entered into a settlement agreement containing a stipulation that the Roarks had sustained damages in the amount of $831,462.48. The parties also agreed that the matter of Kochis's liability would be submitted to the trial court for determination:
 "Attorney and client agree to enter into an agreement to fully resolve the differences existing between them. Attorney and client will then present their respective positions to the Court for its sole determination. If the Court enters a Judgment on behalf of clients, clients will bring suit (herein referred to as the `action') against [Medmarc] to collect the amounts due under the Judgment. Attorney hereby agrees to comply with any of clients' reasonable requests in participating in the action, including, but not limited to, providing deposition testimony consistent with his prior truthful testimony of January 6, 2003 and timely responding to any subpoenas requesting discoverable information. Attorney agrees to not pursue a declaratory judgment or similar action against [Medmarc] other than *Page 3 
ones which may be asserted as counterclaims. Attorney and clients agree that all discovery, pleadings and discussions giving rise to this agreement, including this document, are and have been subject to Evid.R. 408."
On August 21, 2003, following a hearing, the trial court entered judgment in favor of the Roarks, awarded damages in the amount stipulated by the parties, and adopted and incorporated the settlement agreement as an order of the court.
 {¶ 5} The Roarks filed a supplemental complaint pursuant to R.C.3929.06 and a complaint for declaratory judgment against Medmarc and five unnamed defendants. The complaint was voluntarily dismissed and refiled in the Lorain County Court of Common Pleas on March 16, 2005. The Roarks alleged that Kochis was covered by his professional liability insurance coverage for the acts underlying the judgment against him and demanded judgment against Medmarc in the amount set forth in the settlement agreement and judgment. On January 30, 2006, the Roarks moved for leave to file an amended complaint, alleging that they had become aware during the course of discovery that Medmarc had provided a defense to Kochis without a reservation of rights. The trial court granted leave and, on February 15, 2006, the Roarks filed an amended complaint that asserted a claim of bad faith against Medmarc. The Roarks also named Laforge and the law firm of Isaac, Brant, Ledman Teetor, LLP as additional defendants, asserting a claim of legal malpractice in connection with Laforge's representation of Kochis in the underlying litigation. *Page 4 
 {¶ 6} On March 31, 2006, Medmarc moved to dismiss the newly-added counts in the amended complaint pursuant to Civ.R. 12(B)(6). The trial court denied Medmarc's motion on June 30, 2006, and discovery continued. On September 6, 2006, the Roarks dismissed their claims against Attorney Laforge and Isaac, Brant, Ledman Teetor, LLP without prejudice. Medmarc moved for partial summary judgment, arguing that judgment should be entered in Medmarc's favor on the Roarks' bad faith claim and that, even if the Roarks prevailed in the action, judgment against Medmarc could not exceed $100,000. The Roarks also moved for summary judgment against Medmarc. Both motions were denied, and the matter proceeded to pretrial, at which point a new judge of the Lorain County Court of Common Pleas was seated. The parties moved for reconsideration of the ordering denying their respective motions. On March 12, 2007, the trial court denied Medmarc's motion for partial summary judgment, granted summary judgment to the Roarks, and entered judgment against Medmarc in the amount of $831,462.48 less the $2,500.00 deductible on Attorney Kochis's policy with Medmarc. This appeal followed.
 ASSIGNMENT OF ERROR
"The trial court erred by granting summary judgment in favor of Leon Roark."
 {¶ 7} In its sole assignment of error, Medmarc has argued that the trial court's decision granting summary judgment to the Roarks was error because the trial court incorrectly presumed prejudice from the five month period of time in *Page 5 
which Medmarc provided a defense to Kochis without a reservation of rights. Consequently, Medmarc has also argued that summary judgment was inappropriate because there are genuine issues of material fact with respect to whether Kochis suffered prejudice and that the Roarks failed to establish, as a matter of law, that they were entitled to coverage under Medmarc's contract with Roark by operation of estoppel. Finally, Medmarc has argued that even if prejudice was established by the record and the requirements for coverage by estoppel were met as a matter of law, summary judgment was improperly granted to the Roarks because Kochis negotiated away any prejudice that he suffered by virtue of the settlement into which he entered with the Roarks. Medmarc's first argument, however, is dispositive of this appeal.
 {¶ 8} As an initial matter, we must express this court's disapproval of the form and content of the brief filed by counsel for the Roarks in this appeal. Loc.R. 7(E) provides that the brief of an appellee may not exceed thirty pages in length. Counsel for the Roarks, however, submitted a thirty-page brief to this court that contains footnotes which consist, in the aggregate, of approximately six pages of single-spaced text. In addition to this flagrant disregard for the Local Rules of this court, counsel for the Roarks persistently adopts an attitude toward opposing counsel that is condescending and uncivil. Apparently, counsel assumes that derogatory rhetoric will persuade this court. It will not. Counsel is cautioned that *Page 6 
this court will not tolerate such abuses of this forum. See, e.g.,State v. McShepard, 9th Dist. No. 07CA009118, 2007-Ohio-6006, at ¶ 5.
 {¶ 9} In reviewing a trial court's ruling on a motion for summary judgment, this court applies the same standard a trial court is required to apply in the first instance: whether there are any genuine issues of material fact and whether the moving party is entitled to judgment as a matter of law. Parenti v. Goodyear Tire Rubber Co. (1990),66 Ohio App.3d 826, 829. In applying this standard, evidence is construed in favor of the nonmoving party, and summary judgment is appropriate if reasonable minds could only conclude that judgment should be entered in favor of the movant nonetheless. Horton v. Harwick Chem. Corp. (1995),73 Ohio St.3d 679, 686-87. Before the trial court may consider whether the moving party is entitled to judgment as a matter of law, however, it must determine whether there are genuine issues of material fact for trial. Byrd v. Smith, 110 Ohio St.3d 24, 2007-Ohio-3455, at ¶ 12. "Before ruling on a motion for summary judgment, the trial court's obligation is to read the evidence most favorably for the nonmoving party to see if there is a `genuine issue of material fact' to be resolved. Only if there is none does the court then decide whether the movant deserves judgment as a matter of law." Id. A disputed fact is material if it is an essential element of the claim as determined by the applicable substantive law — one which might affect the outcome of the litigation. Anderson v. Liberty *Page 7 Lobby, Inc. (1986), 477 U.S. 242, 248; Burkes v. Stidham (1995),107 Ohio App.3d 363, 371.
 {¶ 10} As a general rule, waiver and estoppel cannot be employed to expand the coverage provided by a policy of insurance. Hybud Equip.Corp. v. Sphere Drake Ins. Co., Ltd. (1992), 64 Ohio St.3d 657, 668. InTurner Liquidating Co. v. St. Paul Surplus Lines Ins. Co. (1994),93 Ohio App.3d 292, however, this court recognized that an exception to this rule applies when an insurer induces reliance on the part of the insured by providing a defense without a reservation of rights. Id. at 299. Specifically:
 "An insurer should not be able to avoid liability under all circumstances in which it voluntarily relinquishes a known right or induces another into changing his position based upon reliance on the insurer's conduct when the insured is prejudiced by such reliance. * * * In cases where the insurer represents the insured without a reservation of rights, the insured may be prejudiced by the legal strategy adopted by the insurer. Absent a reservation of rights, the insurer should not be able to terminate its representation of the insured regardless of when it concludes it is not required to defend its insured. * * *
 "If the insurer is saddled with coverage it may not have intended or desired, it is of its own making. The insurer has the ability to protect itself against such claims by ensuring that its customers receive the coverage they request or by entering a defense of a claim that may not be covered by the policy only after reserving its right to raise policy defenses at a later time." Id.
 {¶ 11} In Turner, we recognized that prejudice to the insured is critical to the analysis of these claims. Because the procedural posture of that case was an appeal from an order dismissing the insured's claims pursuant to Civ.R. 12(B)(6), *Page 8 
however, we did not have occasion to address the proof required to demonstrate prejudice. Instead, this court reversed, noting particularly that the issue under consideration was the legal sufficiency of the complaint:
 "Presuming that all of Turner's allegations are true, it could be inferred that St. Paul knew that the claim was outside the policy's coverage but chose to relinquish its right to waive this claim. While the trier of fact may well choose not to make that inference, we see no reason why an inflexible rule of law should preclude it from doing so.
 "The same is true of Turner's estoppel claim. It alleges that St. Paul provided a defense for nearly one year without a reservation of rights. As a result of St. Paul's providing a defense for this period, Turner alleges it relied on this defense and did not conduct an investigation of the claim, provide its own defense, or attempt to settle the claim. Allegedly, these actions prejudiced Turner. Providing a defense for nearly one year without reserving its rights may give rise to a claim of estoppel preventing St. Paul from raising the lack of coverage in this case. As Turner has pled sufficient facts to permit recovery under the doctrines of equitable estoppel and waiver, the court erred in granting St. Paul's Civ.R. 12(B)(6) motion." (Emphasis added.) Id. at 300.
 {¶ 12} Our statements in Turner indicate that in viewing the allegations of the complaint in the light most favorable to the insured in that case, as required by Civ.R. 12(B)(6), the insured had stated a legally sufficient claim. In other words, we did not hold that prejudice was presumptively established, but that the facts pled by the insured could state a claim for relief as a matter of law.
 {¶ 13} We are aware the some courts have reached the conclusion that providing a defense without a reservation of rights conclusively establishes prejudice to the insured. See, e.g., Collins v. Grange Mut.Cas. Co. (1997), 124 Ohio App.3d 574, *Page 9 
579; Insurance Co. of North America v. Travelers Ins. Co. (1997),118 Ohio App.3d 302, 323. We are persuaded, however, that the better approach is to require a demonstration of actual prejudice to the insured, considering factors such as lost settlement opportunity, inability to produce testimony and witnesses in support of the defense, loss of the benefit of any defense by relying on the insurer, and withdrawal of the defense within such a close proximity to trial that preparation for trial is hindered. See, e.g., Deitz-Britton v. Smythe,Cramer Co. (2000), 139 Ohio App.3d 337, 348, citing 7C Appleman, Insurance Law and Practice (1979) 313-319, Section 4693. See, also,Guideone Mut. Ins. Co. v. Reno (Apr. 26, 2002), 2nd Dist. No. 01-CA-68, at *6.
 {¶ 14} In this case, the trial court concluded that prejudice was presumptively established by Medmarc's defense of Kochis for five months without a reservation of rights and, consequently, did not review the record to determine whether there were genuine issues of fact regarding whether the Roarks had established that Kochis suffered actual prejudice. Indeed, the trial court's findings of fact refer to nothing other than the timeline of events in the underlying actions, and the trial court concluded that "[prejudice from Medmarc's undertaking the defense without a reservation of rights is clearly established as a matter of law."
 {¶ 15} Because actual prejudice to the insured must be demonstrated in order for the Turner rule to apply, facts tending to demonstrate prejudice or the *Page 10 
lack thereof are material within the meaning of Civ.R. 56. It was error, therefore, for the trial court to enter summary judgment in favor of the Roarks based on a legal presumption of prejudice without first determining that there was no genuine issue of material fact regarding actual prejudice suffered by Kochis.
 {¶ 16} The Roarks urge this court to affirm the trial court's decision nonetheless by addressing their alternate grounds for summary judgment. Each of these grounds, however, relates to the merits of coverage defenses asserted by Medmarc which have not been addressed by the trial court. If it is determined that Kochis suffered actual prejudice, in fact, the trial court may never address these arguments. We decline to address them for the first time on appeal, and Medmarc's assignment of error is sustained.
 {¶ 17} Medmarc's assignment of error is sustained, and the judgment of the trial court is reversed. This matter is remanded to the trial court for proceedings consistent with this opinion.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal. We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into *Page 11 
execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellees.
 WHITMORE, J. DICKINSON, J. CONCUR *Page 1