JOURNAL ENTRY AND OPINION *Page 4 
{¶ 1} This is a consolidated appeal of Appeal Nos. 91093 and 91122, which involve the trial court's granting of summary judgment. After a thorough review of the record, and for the reasons set forth below, we affirm.
 {¶ 2} In Appeal No. 91093 appellants, Efficient Lighting Sales Co., Inc., d.b.a. Light Bulb Supply ("Efficient"), Ultraviolet Resources International ("URI"), and International Tanning Technologies Corp. ("ITT") (collectively "Efficient"), [1] appeal the trial court's granting of summary judgment in favor of appellee, Motorists Mutual Insurance Company ("the insurance company").
 {¶ 3} In Appeal No. 91122, appellants, Jeff Neverman and Neverman Insurance Agency, Inc. (collectively "Neverman"), also appeal the trial court's granting of summary judgment in favor of the insurance company.
 {¶ 4} On February 1, 2005, in Case No. CV-553587, Efficient filed a lawsuit seeking a declaratory judgment in order to determine the scope of coverage under an insurance policy issued to it by the insurance company. The lawsuit was filed in response to the insurance company's decision to deny coverage in lawsuits against URI. On May 18, 2005, the insurance company filed an answer and also sought a declaration of rights.
 {¶ 5} Also on February 1, 2005, in Case No. CV-553584, Efficient filed suit against Neverman, whom it had used to procure the policy. The suit alleged that *Page 5 
Neverman failed to provide adequate insurance, which may have resulted in the insurance company denying coverage in the claims against URI.
 {¶ 6} On May 18, 2005, the insurance company filed an answer and a counterclaim seeking a declaration that the insurance policy did not provide coverage against URI.
 {¶ 7} On July 1, 2005, Neverman moved to intervene in Efficient's lawsuit against the insurance company. On July 11, 2005, the trial court consolidated both cases and deemed the motion to intervene moot.
 {¶ 8} On December 21, 2005, Neverman and the insurance company filed motions for summary judgment. On December 23, 2005, Efficient also filed a motion for summary judgment and joined Neverman's motion for summary judgment. On February 6, 2008, the trial court denied the motions filed by Neverman and Efficient, but granted the insurance company's motion.
 {¶ 9} On February 29, 2008, Efficient filed a notice of appeal. On March 6, 2008, Neverman filed a notice of appeal. On March 25, 2008, this court consolidated both appeals. *Page 6 
 Underlying Facts {¶ 10} The facts that gave rise to this appeal began in January 1999 when the insurance company issued an insurance policy to "Efficient Lighting Sales Co. Inc., et al." Efficient is a wholesale lighting business located in Ohio. Thereafter, Efficient also requested that its subsidiaries, URI and ITT, be added as additional insureds. URI is a business engaged in the wholesale sale and distribution of ultraviolet lamps, tanning lotions, and aquarium lamps. ITT manufactures and sells tanning beds.
 {¶ 11} The insurance company issued a Special Endorsement including URI and ITT as additional insureds that stated: "The person or organization shown in the schedule is also an insured, but only with respect to liability arising out of your operations or premises owned by or rented to you."
 {¶ 12} In 2001 and 2002, URI was named a defendant in two lawsuits in Arizona. The insurance company retained counsel to defend URI and began negotiating a settlement.
 {¶ 13} Despite its participation in the case, on December 31, 2001, the insurance company sent Efficient a reservation of rights letter stating that "Motorists Mutual will not waive any of the terms or conditions of the aforementioned policy or any previous or subsequent policy. *** By undertaking any action which Motorists Mutual deemed necessary, Motorists Mutual does not waive any defense to coverage that may exist to this claim under this policy *Page 7 
or law, whether asserted herein or not. Motorists Mutual does not waive any defense to coverage not asserted herein and may assert any such defense at anytime."
 {¶ 14} On September 11, 2003, the insurance company issued another reservation of rights letter to Efficient, stating: "In view of questions of coverage and for reasons which may become evident as a result of our investigation, such investigation is being made with a full and complete reservation of all rights afforded by Motorists Insurance Group under [the policy]."
 {¶ 15} In 2003, a lawsuit was filed in New Jersey against URI. The case involved a claim for violations of trademark law. In 2003, another lawsuit was filed against URI in Texas, which involved a skin defect and alleged negligence, breach of warranties, negligent misrepresentation, deceptive trade practices, strict liability, gross negligence, exemplary damages, and negligence per se.
 {¶ 16} On February 11, 2004, the insurance company sent letters to Efficient denying indemnity and asserting defenses regarding these two new lawsuits. In the letters, the insurance company asserted that URI was not a named insured. The letter stated that, although URI was an additional insured, the underlying claims did not fall with the scope of coverage as an additional insured under the Special Endorsement. According to the insurance company, only Efficient was the named insured, and the Special Endorsement only covered URI for liability stemming from Efficient's operations. *Page 8 
 Standard of Review: Summary Judgment {¶ 17} "Civ. R. 56(C) specifically provides that before summary judgment may be granted, it must be determined that: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317,327, 364 N.E.2d 267.
 {¶ 18} It is well established that the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. Celotex Corp. v. Catrett (1986), 477 U.S. 317, 330,106 S.Ct. 2548, 91 L.Ed.2d 265; Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115,526 N.E.2d 798. Doubts must be resolved in favor of the nonmoving party.Murphy v. Reynoldsburg, 65 Ohio St.3d 356, 1992-Ohio-95, 604 N.E.2d 138.
 {¶ 19} In Dresher v. Burt, 75 Ohio St.3d 280, 1996-Ohio-107,662 N.E.2d 264, the Ohio Supreme Court modified and/or clarified the summary judgment standard as applied in Wing v. Anchor Media, Ltd. (1991),59 Ohio St.3d 108, 570 N.E.2d 1095. Under Dresher, "the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record whichdemonstrate the absence of a *Page 9 genuine issue of fact or material element of the nonmoving partysclaim." Id. at 296. (Emphasis in original.) The nonmoving party has a reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id. at 293. The nonmoving party must set forth "specific facts" by the means listed in Civ. R. 56(C) showing a genuine issue for trial exists. Id.
 {¶ 20} This court reviews the lower court's granting of summary judgment de novo. Brown v. Scioto County Commrs. (1993),87 Ohio App.3d 704, 622 N.E.2d 1153. An appellate court reviewing the grant of summary judgment must follow the standards set forth in Civ. R. 56(C). "The reviewing court evaluates the record *** in a light most favorable to the nonmoving party ***. [T]he motion must be overruled if reasonable minds could find for the party opposing the motion." Saunders v.McFaul (1990), 71 Ohio App.3d 46, 50, 593 N.E.2d 24; Link v. LeadworksCorp. (1992), 79 Ohio App.3d 735, 741, 607 N.E.2d 1140.
 Review and Analysis — Efficient's Appeal {¶ 21} Efficient brings its appeal, asserting one assignment of error for our review.
 {¶ 22} "I. The trial court erred in granting appellee Motorists Mutual Insurance Company's motion for summary judgment and denying appellants' Efficient Lighting Sales Co., Inc., Ultraviolet Resources International, and International Tanning Technologies, Corp. motion for summary judgment where *Page 10 
there were genuine issues of material facts precluding the grant of summary judgment."
 {¶ 23} Efficient argues that the trial court erred in granting the insurance company's motion for summary judgment and in denying its motion for summary judgment. More specifically, it alleges that the insurance company is estopped from denying coverage and/or waived its right to do so. This argument is without merit.
 {¶ 24} Interestingly, Efficient does not allege that URI is actually covered under the policy. Rather, it alleges that, based upon the insurance company's decision to defend URI in previous unrelated Arizona cases, it should be estopped from denying coverage, or that we should find that the insurance company has waived its right to deny coverage.
 {¶ 25} In Turner Liquidating Co. v. St. Paul Surplus Lines Ins.Co. (1994), 93 Ohio App.3d 292, 298, 638 N.E.2d 174, citing 59 Ohio Jur.3d (1985) 94, Insurance § 1047, the court stated: "A liability insurer which assumes and conducts the defense of an action brought against the insured *** without disclaiming liability or giving notice of a reservation of its right to deny coverage, is thereafter precluded in an action upon the policy from setting up the defense of noncoverage."
 {¶ 26} The Turner court went on to say that "estoppel and waiver [may] be asserted when an insurer provides a defense to its insuredwithout reserving its *Page 11 rights to assert a policy defense." (Emphasis added.) Id. Based upon this language, it seems that the reverse would also be true: that estoppel and waiver may not be asserted when an insurer provides a defense, but does reserve its rights.
 {¶ 27} In fact, "a liability insurer will not be deemed to have waived, or to be estopped to set up, the defense that the insured's loss was not covered by the insurance policy, notwithstanding the insurer's participation in the defense of an action against the insured, if the insurer, by means of a reservation of rights letter *** gives timely notice to the insured that it has not waived the benefit of its defense under the policy." 59 Ohio Jur.3d (1985), Insurance, § 1048. See, also,Motorists Mut. Ins. Co. v. Trainor (1973), 33 Ohio St.2d 41,294 N.E.2d 874, at syllabus (holding that "An insurance company, which by contract is obligated to defend its insured in a negligence action, may defend in good faith without waiving its right to assert at a later time the policy defenses it believes it has, provided that it gives its insured notice of any reservation of rights.").
 {¶ 28} In accordance with the above discussion of Ohio law, we find that the trial court properly granted summary judgment in favor of the insurance company. The insurance company sent Efficient two reservation of rights letters regarding the Arizona lawsuits. Efficient does not dispute this fact. Rather, it argues that the reservation of rights letters only reserved coverage with regard to breach of warranty claims. A review of the letters shows that they clearly *Page 12 
reserved the right to raise all defenses and preserved all terms and conditions under the policy. Nowhere in the reservation of rights does the insurance company limit reservation to breach of warranty only.
 {¶ 29} In sum, the trial court properly granted summary judgment in favor of the insurance company. When URI became subjected to two lawsuits in Arizona, and the insurance company began defending URI, it also issued Efficient a full declaration of rights, which precludes a finding that it waived its rights or should be estopped from denying coverage now. Accordingly, Efficient's assignment of error is overruled.
 Review and Analysis — Neverman's Appeal {¶ 30} Neverman brings its appeal, asserting one assignment of error for our review.
 {¶ 31} "I. The trial court erred in granting defendant-appellee's Motorists Mutual Insurance Company's motion for summary judgment and denying plaintiff-appellee's motion for summary judgment."
 {¶ 32} Neverman argues that the trial court erred in denying its motion for summary judgment and in granting the insurance company's motion for summary judgment. More specifically, it alleges that the policy's usage of the phrase "et al." meant to extend full coverage to URI as Efficient's subsidiary. This argument is without merit. *Page 13 
 {¶ 33} The interpretation of an insurance contract is an issue of law that the court must decide. Leber v. Smith, 70 Ohio St.3d 548, 553,1994-Ohio-361, 639 N.E.2d 1159. According to Neverman, the insurance policy's usage of "et al." means that URI was also included as a named insured. In order to be a named insured, an entity must be listed on the declarations page of the policy. Stacy v. Nationwide Mut. Ins. Co.
(1998), 125 Ohio App.3d 658, 709 N.E.2d 519. Here, the "Common Policy Declarations" page lists only "Efficient Lighting Sales Co. Inc., et al." Neverman asks that we interpret the "et al." to include URI; however, the insurance company claims that "the abbreviation `et al.' was used in the policy as an abbreviation for the `named insured': `Efficient Lighting Sales Co., Inc. dba Light Bulb Supply."
 {¶ 34} We find that the only entity listed on the policy's declaration page is Efficient. Moreover, nowhere does the policy list URI as a named insured. URI is only an additional insured as listed in the Special Endorsement. Importantly, we note that it was Efficient who requested that the insurance company make the Special Endorsement in order to add URI and ITT as additional insureds. It defies logic as to why Efficient would request to add the two subsidiaries as additional insureds, protected by limited coverage, if Efficient thought that they were already named insureds entitled to full coverage under the insurance policy. *Page 14 
 {¶ 35} Finally, Neverman argues that "even if URI and ITT are not `named insureds' under the business liability coverage, they qualify as `insureds by definition' under the commercial umbrella policy."
 {¶ 36} The parties' policy included a "Commercial Umbrella Coverage Form," and Neverman asserts that this "Umbrella policy" provides coverage to URI. Section III.F. of the Umbrella Policy states: "Each of the following is an insured under this policy to the extent set forth below: anyone else who is an insured under any policy of `underlying insurance' but only to the extent insurance is provided by that policy and subject to all its limitations, other than the limits of liability."
 {¶ 37} We find that the Umbrella policy does not extend coverage to URI. Section III is titled, "Who is an insured." Under Section III.A.3., "each of the following is an insured under this policy to the extent set forth below: *** other than an individual, partnership, or joint venture, you, your executive officers, directors or stockholders while acting within the scope of their employment." (Emphasis added.) On page one of the Umbrella Policy, it states: "Throughout this policy the words you' and `your' refer to the Named Insured shown in the Declarations." As discussed earlier, the only named insured on the declaration page is Efficient; therefore, the Umbrella Policy only covers Efficient.
 {¶ 38} Again, Section III.F. states that anyone else who is an insured under the policy of underlying insurance is an insured. Section III.F. explicitly limits *Page 15 
coverage to "only to the extent insurance is provided by that policy and subject to all its limitations." Although URI is insured by the underlying insurance, it is so insured as additional insureds covered only to the extent of liability arising out of Efficient's operations. In the case at bar, the lawsuits involved negligence and trademark infringement, which do not arise out of Efficient's operations. Accordingly, we find that the Umbrella Policy does not extend coverage to URI. Neverman's assignment of error is overruled.
Judgment affirmed.
It is ordered that the insurance company recover from Efficient and Neverman costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., and MARY JANE BOYLE, J., CONCUR.
[1] Efficient is the parent company of URI and ITT. *Page 1